[Cite as *In re Langwasser*, 2011-Ohio-5297.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: CHRISTIAN M. LANGWASSER

CHRISTIAN M. LANGWASSER

      Applicant

Case No. V2009-40790

Commissioners:
Karl C. Kerschner
Susan G. Sheridan

OPINION OF A TWO-COMMISSIONER PANEL

{¶1}The appeal presently before this panel involves the issue of work loss, and whether the loss of an ROTC scholarship which included a stipend should be reimbursed. After thoughtful consideration, this panel has determined the applicant has presented insufficient evidence to equate the loss of the stipend with work loss. The stipend was a part of the scholarship, and a scholarship does not constitute work loss within the meaning of R.C. 2743.51(G). Accordingly, this panel affirms the Attorney General's denial of the applicant's claim for work loss.

*I. Procedural History*

{¶2}On September 24, 2008, the applicant, Christian Langwasser, filed a compensation application as the result of an assault which occurred on August 15, 2008. On April 7, 2009, the Attorney General issued a finding of fact and decision determining the applicant met the necessary jurisdictional requirements to receive an award of reparations and granting an award in the amount of $2,428.89. The award

reimbursed medical providers and compensated the applicant for mileage expenses. However, expenses incurred for services rendered at Grady Memorial Hospital were not reimbursed since they are subject to the Hospital Care Assurance Program. The applicant's claim for crime scene clean-up was denied due to his failure to submit documentation of expenses incurred. Finally, the applicant's request for tuition and scholarship expenses was denied since such items did not qualify as allowable expenses pursuant to R.C. 2743.51(F)(1).

{¶3}On May 5, 2009, the applicant submitted a request for reconsideration. The applicant sought reimbursement of clothing taken by the police at the hospital and additional medical expenses incurred as the result of the assault. The applicant also requested that the loss of his scholarship be considered as a reimbursable work loss.

{¶4}On October 23, 2009, the Attorney General rendered a Final Decision granting the applicant an additional award in the amount of $711.00, of which $605.00 was paid directly to Oral and Facial Surgeons of Ohio and $106.00 was paid to the applicant for an evidence replacement expense. However, the Attorney General found no reason to modify its decision concerning work loss and crime scene clean-up.

{¶5}On November 12, 2009, the applicant filed a notice of appeal from the October 23, 2009 Final Decision of the Attorney General. The appeal hearing was held before this panel of commissioners on September 1, 2010 at 10:55 A.M.

*II. Applicant's Position*

{¶6}The applicant, Christian Langwasser, his attorney Michael Falleur, and Assistant Attorney General David Lockshaw attended the hearing and presented testimony and oral arguments for the panel's consideration.

{¶7}The applicant asserted that the only issue before this panel is the annual stipend Christian Langwasser lost due to the injuries he sustained from the criminally injurious conduct. The stipend amounted to $3,000.00 per year and was part of an

ROTC scholarship he was awarded in conjunction with his admission to the University of Kentucky. The applicant asserts the stipend was for work Christian would have done in the classroom and in the field for the United States Army. However, due to the injuries sustained from the criminally injurious conduct, he was unable to enroll at the University of Kentucky and he lost this stipend. The applicant contends the stipend constitutes a work loss pursuant to R.C. 2743.51(G).

*III. Attorney General's Position*

{¶8}Conversely, the Attorney General contended that the stipend is not work loss as defined in R.C. 2743.51(G). Furthermore, the receipt of the stipend was speculative since additional testing was required before the applicant became eligible to received the ROTC scholarship.

*IV. Witness Testimony and Argument*

{¶9}The applicant, Christian Langwasser was called as a witness. Mr. Langwasser related how he became aware of the ROTC program and why the University of Kentucky (UK) met his academic needs. The applicant stated if he participated in the ROTC program at UK he would receive a waiver of out-of-state tuition, room and board, a book allowance, and an annual stipend of $3,000.00. The total benefits of the ROTC program at UK amounted to $25,971.00 per year. To receive the room and board allowance he was required to write an essay and the annual stipend would be based on satisfying certain criteria related to academic and physical achievements. The applicant stated he believed he could have passed the Army Physical Fitness Test (APFT), since he played both football and baseball at Olentangy High School and travel baseball prior to his prospective freshman year in college. Mr. Langwasser also stated it was his understanding that even if an individual initially failed the APFT, ROTC would work with the person to insure the APFT was passed.

{¶10}Mr. Langwasser then described the injuries he sustained as a result of the assault: a broken jaw, broken wrist, broken nose, and two of his bottom teeth were shattered. Due to the injuries he sustained he could not pass the APFT, nor was he able to pass the APFT within 60 days as was required by ROTC. Failure to pass the APFT would have made him ineligible to receive benefits from ROTC including the stipend. Consequently, Christian chose to enroll in the Orange branch of The Ohio State University. Approximately eight months after he sustained his injuries he jointed the Ohio National Guard and was able to pass the physical fitness requirements.

{¶11}Finally, Christian testified that if he were able to attend the ROTC program at UK he would not have been required to attend boot camp. However, other recruits who were not enrolled in the ROTC program would be required to go to boot camp, but they would be paid for their attendance.

{¶12}The Attorney General chose not to cross-examine the witness. Whereupon, the testimony of Christian Langwasser was concluded.

{¶13}In closing argument, the applicant asserted that the loss sustained is best characterized as the loss of a job expectation. The elements necessary to prove the loss of a job expectation are: 1) an agreement between the prospective employer and the employee for employment; 2) terms of employment, i.e., wages, hours and specific conditions of employment; and 3) the sole reason the prospective employee is unable to take the job was due to injuries suffered as the result of criminally injurious conduct. The applicant contends the first element was satisfied by the letter from Lieutenant Colonel Bradley D. Harrington dated October 27, 2008. The first sentence of the letter states: "On May 4, 2008, Christian was elected to receive an Army ROTC 4-year scholarship to attend the University of Kentucky (UK) starting the fall of school year 2008-2009." The applicant further asserts that element two is also satisfied by the letter which states Christian was required to pass a medical physical and the physical fitness test. Furthermore, Christian testified he needed to maintain satisfactory performance both in the classroom and on the field. Finally, the sole reason for not

taking the ROTC scholarship was the injuries he sustained as a result of the criminally injurious conduct.

{¶14}The applicant contends the obligation of performing in the classroom and on the field constitutes work loss.  Furthermore, the applicant is asking for only one year of work loss - $3,000.00 stipend.   Unlike a scholarship based on past achievement, the scholarship in question is based on prospective performance.

{¶15}Upon questioning by the panel, the applicant did not know if the stipend would be characterized as W-2 or 1099 income.  The applicant did not present any evidence on this point and he was unaware of what rate this "income" would be taxed.  The applicant asserts the participation in ROTC equates to completion of boot camp over a four-year period, and is the indicia of work loss.   The military training involved is compensated by the stipend.

{¶16}In closing, the Attorney General alleged that the stipend did not qualify as work loss because it was not loss of a job opportunity.  Furthermore, there was no guarantee the applicant would have been eligible for the stipend.  The stipend was contingent on the applicant passing a physical and the fitness exam.  It would be speculative to assume the applicant would have passed these requirements.  The Attorney General believes the applicant has failed to meet his burden of proof with respect to work loss and accordingly, the Final Decision of the Attorney General should be affirmed.   Whereupon, the hearing was concluded.

*V. Controlling Law and Precedent*

{¶17}R.C. 2743.51(G) states:

"(G) 'Work loss' means loss of income from work that the injured person would have performed if the person had not been injured . . ."

{¶18}In order to establish the loss of a job expectation the applicant must prove a prior agreement existed between the applicant and the prospective employer, the terms of the employment, such as wages, hours, and specific conditions of employment

must be established and agreed upon by the applicant and the prospective employer, and the loss of the job must solely relate to being a victim of criminally injurious conduct. See *In re Brown*, V93-68964sc (7-24-94) affirmed tc (12-27-94); *In re Carreon*, V93-58560sc (7-29-94).

{¶19}Reimbursement of college tuition has been granted if the applicant received free psychological counseling through the school or where attendance was deemed medically necessary for the rehabilitation or remedial treatment of the applicant. *In re Webber* (1989), 61 Ohio Misc. 2d 351, *In re Holbrook* (1993), 63 Ohio Misc. 2d 118.

{¶20}The loss of an athletic scholarship is not considered a compensable loss pursuant to R.C. 2743.51(F). *In re Gilford*, V92-85377sc (11-30-93).

{¶21}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{¶22}Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

*VI. Panel's Determination*

{¶23}We do not find the loss of a stipend equates to work loss. The applicant has the burden to prove that he lost income as a result of not being able to work. However, the applicant did not establish exactly what "work" he was performing. It appears that the stipend was a part of a scholarship the applicant was to receive dependent upon the fulfillment of certain academic and physical requirements. The

Victims of Crime Compensation Act contains specific requirements which must be met to be eligible to receive an award of reparations and only specifically delineated economic losses can be recovered.

{¶24}As a general rule the loss of a scholarship does not meet the statutory definition of any allowable expense as contained in R.C. 2743.51(F)(1).

{¶25}R.C. 2743.51(F)(1) states:

"(F)(1) 'Allowable expense' means reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care, rehabilitation, rehabilitative occupational training, and other remedial treatment and care and including replacement costs for eyeglasses and other corrective lenses. It does not include that portion of a charge for a room in a hospital, clinic, convalescent home, nursing home, or any other institution engaged in providing nursing care and related services in excess of a

reasonable and customary charge for semiprivate accommodations, unless accommodations other than semiprivate accommodations are medically required."

{¶26}Accordingly, this court held in *In re Gilford*, V92-85377sc (11-30-93), that the loss of an athletic scholarship was not a compensable expense. A very narrow exception, not applicable to the case at bar, was carved out where tuition was reimbursed if it aided the remedial treatment and care of the victim. Therefore, the applicant attempts to equate the loss of the stipend with work loss, or in the alternative, the loss of a job opportunity. However, the applicant failed to provide this panel with any evidence of what specific job duties, hours of employment, or performance requirements were necessary to receive this stipend. We find the stipend was an integral part of the scholarship, no different than an athletic scholarship which has already been found to be a non-compensable expense.

{¶27}The dissent argues that the stipend was payment for an extended boot camp. The applicant related that if he successfully completed the ROTC program he

would be exempt from attending boot camp upon graduation. The applicant asserted other enlistees not completing an ROTC program would be paid for attending boot camp. However, it is speculative if the applicant would have completed the four-year program and the applicant provided no testimony from any one involved with the ROTC program to establish a causal link between the stipend and pay for boot camp.

{¶28}Finally, the dissent relies on the holding in *In re Dimon, Jr.*, V83-61592tc (11-2-84). In *Dimon* the applicant asserted a claim for lost wages as a result of his inability to participate in the United States Marine Corps Platoon Leaders Class. The applicant in that case was assaulted and unable to participate in the program. The panel of commissioners in that case relied on the testimony from Captain Neal R. Smith. Captain Smith testified he was in charge of marine officer recruiting in the multi-state district for a number of years, and that based on Smith's expertise and experience he opined that the applicant would have been accepted into the program but for his injuries sustained at the time of the assault. The panel in that case stated in pertinent part "the applicant's future employment success was not a matter of speculation; there was direct testimony from a highly credible impartial source that he would have been employed but for the injury."

{¶29}In the case at bar we lacked the testimony of an individual such as Captain Smith to inform us about the ROTC program and the relationship between the scholarship and the stipend. The letter presented from Lieutenant Colonel Bradley D. Harrington does not compare to the live testimony of Captain Smith.

{¶30}Therefore, we find the applicant has failed to meet his burden to prove, by a preponderance of the evidence, that he sustained work loss by the inability to utilize his scholarship with the stipend benefit. Accordingly, the Attorney General's October 23, 2009 decision is affirmed.

_____
KARL C. KERSCHNER
Commissioner


_____
SUSAN G. SHERIDAN
Commissioner

**Lloyd Pierre-Louis, Commissioner, Dissenting Opinion**

{¶31}I respectfully dissent.  I believe the applicant has sustained his burden of proof and should be granted an award for work loss as the result of the loss of the stipend due to injuries sustained from the criminally injurious conduct.

{¶32}I found the applicant's testimony to be credible and unrefuted.  The applicant proved that he was eligible to receive an Army ROTC 4-year scholarship to attend the University of Kentucky.   The fact was established by the letter of October 27, 2008 signed by Bradley D. Harrington, Lieutenant Colonel, USAR.

{¶33}First, compensation in this case for the loss of the stipend is supported by _In re Dimon, Jr._, V83-61532tc (11-2-84).   In that case, due to the applicant's inability to participate in the United States Marine Corps Platoon Leaders Class as the result of being a victim of criminally injurious conduct, the applicant was granted an award of reparations for one year of longevity pay.   I believe that the case at bar is analogous to the _Dimon, Jr._ case.   In both cases, the applicants were accepted in a military program which offered educational and financial benefits.   Both were injured prior to participation in the program, and, as a result, both suffered work loss.

{¶34}Second, I reject the argument offered by the Attorney General that the applicant would not have been physically fit enough to pass the Army's Physical Fitness Test.   The evidence established that the year prior to his expected attendance at the University of Kentucky the applicant played high school varsity football and baseball at

Olentangy High and also participated in summer travel baseball. Given the physical capabilities required in modern varsity athletics, I am confident that the applicant possessed the physical attributes necessary to meet the scholarship requirements.

{¶35}The applicant also testified that successful completion of the ROTC program would have exempted him for participating in boot camp. Enlistees are required to complete boot camp but are remunerated for their participation. The stipend the applicant was to receive can be viewed as a pay-as-you-go compensation for the successful completion of boot camp.

{¶36}The majority opinion emphasizes the lack of specific testimony from Lieutenant Colonel Bradley D. Harrington or someone in the ROTC program. While that testimony would have strengthened applicant's argument it was not fatal to establishing his burden of proof. It should be noted that the Attorney General offered no evidence to refute the applicant's testimony. As commissioners we have the duty to evaluate witnesses and adjudge their veracity and credibility. I found the applicant's testimony credible and unrefuted.

{¶37}Finally, the majority believes the stipend is merely an element of a scholarship, not a distinct benefit. However, Black's Law Dictionary defines stipend as "a salary or other regular periodic payment." Lieutenant Colonel Harrington in his letter of October 27, 2008 lists four separate and specific benefits the applicant was to receive from the ROTC scholarship "full out of state tuition and fees ($15,884.00 per year), room and board ($5,887.00 per year), an annual book allowance ($1,200.00) and an annual stipend ($3,000.00)." I believe this stipend was compensation for work

performed by the applicant for his training to become an officer in the United States Army.   Therefore, I would grant the applicant's claim for work loss, since the stipend met the definition contained in R.C. 2743.51(G).   Therefore, I respectfully dissent and would reverse the October 23, 2009 decision of the Attorney General.

_____
LLOYD PIERRE-LOUIS
Presiding Commissioner



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: CHRISTIAN M. LANGWASSER

CHRISTIAN M. LANGWASSER

      Applicant
 Case No. V2009-40790

Commissioners:
Karl C. Kerschner
Susan G. Sheridan

ORDER OF A TWO-COMMISSIONER PANEL

IT IS THEREFORE ORDERED THAT

{¶38}1)   The October 23, 2009 decision of the Attorney General is AFFIRMED;

{¶39}2)   This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{¶40}3)   Costs are assumed by the court of claims victims of crime fund.


_____
KARL C. KERSCHNER
Commissioner


_____
SUSAN G. SHERIDAN
Commissioner


ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2011\January 2011\V2009-40790 Langwasser.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Delaware County Prosecuting Attorney and to:

Filed 1-27-11
Jr. Vol. 2277, Pgs. 179Sent to S.C. Reporter 10-13-11